UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CJ ADVERTISING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 3:10cv214 |
| | ) | |
| vs. | ) | Judge Aleta A. Trauger |
| | ) | |
| WHITEHARDT, INC., | ) | Magistrate Judge Juliet Griffin |
| | ) | |
| KEVIN WHITE and | ) | |
| | ) | |
| MCKERNAN LAW FIRM PLLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] JOINT INITIAL CASE MANAGEMENT ORDER

The parties met pursuant to Fed. R. Civ. P. 26(f) by telephone on August 19, 2010 at 3 p.m. In attendance were R. Parrish Freeman and Edward D. Lanquist of Waddey & Patterson PC for plaintiff CJ Advertising, LLC, Michael K. Leachman of Jones, Walker, Waechter, Poitevent, Carrère & Denègre L.L.P. for defendant McKernan Law Firm, PLLC, and Jerry Kennon for defendants Whitehardt, Inc. and Kevin White. As a result of that meeting, the parties jointly submit the following JOINT INITIAL CASE MANAGEMENT ORDER and propose that it govern the proceedings going forward in this matter.

    A.    JURISDICTION:    The Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331 and 1338. Jurisdiction is not disputed.

    B.    BRIEF THEORIES OF THE PARTIES:

    1)    PLAINTIFF: Plaintiff CJ Advertising, LLC ("CJ") is the owner of the federally registered service mark "GET A LAWYER. GET IT DONE." (U.S. Trademark Reg. Nos.

3,285,044 and 3,688,122.) CJ also owns a number of other marks and registrations on variations of its GET A LAWYER GET IT DONE mark, including "GET CARTER!" (U.S. Trademark Registration Nos. 3,377,085 & 3,649,548), "GET BERG!", "GET THE POWER" (U.S. Trademark Registration No. 3,285,041), "GET THE JMB GUARANTEE", "GET SERIOUS" (U.S. Trademark Registration No. 3,285,045), "GET SERIOUS, GET LUNDY", "GET MCDIVITT", "GET REAL" (U.S. Trademark Registration No. 3,511,912), "GET REAL, GET NORRIS", "GET SERIOUS, GET STEWART", and "GET THE Z ADVANTAGE". As a full service advertising agency providing advertising, marketing, and public relations services to law firms, CJ uses these marks to develop branding that can be used regionally by its client law firms to promote their respective practices. CJ's GET A LAWYER GET IT DONE program has been particularly successful for both CJ and the law firms for whom CJ provides the GET A LAWYER GET IT DONE program. The GET A LAWYER GET IT DONE program is presently being used in the following markets – Nashville, Tennessee; Bowling Green, Kentucky; Louisville, Kentucky; and Lexington, Kentucky.

With the assistance of Nashville-based defendant Whitehardt, Inc. ("Whitehardt"), defendant McKernan Law Firm PLLC ("MLF") uses the nearly identical mark "GET GORDON! GET IT DONE!" to market its legal services via television commercials and other media. Defendant Kevin White is the central figure in Whitehardt and personally authorized and approved Whitehardt's work for MLF with regard to the GET GORDON! GET IT DONE! mark. By engaging in this conduct, each defendant has directly infringed and/or intentionally induced others to infringe the CJ's rights in its GET A LAWYER GET IT DONE mark and/or in one or more of the variations of the GET A LAWYER GET IT DONE mark described above. Each

2

defendant is therefore individually liable for trademark infringement and unfair competition.

    2)      DEFENDANTS:

    i)      McKernan Law Firm PLLC

The McKernan Law Firm (MLF) is the owner of the federally registered service mark *GET GORDON! GET IT DONE!*® (U.S. Trademark Reg. No. 3,826,209). As evidenced by the Patent Office's recent issuance of a registration, The GET GORDON! GET IT DONE!® mark is sufficiently dissimilar from CJ's GET A LAWYER GET IT DONE marks so as to not likely cause confusion or mistake in the marketplace.

Moreover, CJ does not have valid trademark rights or other intellectual property rights in the GET A LAWYER GET IT DONE marks for legal services under any federal or state law. CJ's licensing scheme for obtaining trademark rights in marks for legal services is fundamentally flawed. First, goodwill in a trademark for legal services cannot be developed and retained by an advertising agency as a matter of law, as CJ and its non-lawyer members and employees are prohibited by various state statutes from offering or providing legal services. Secondly, even if CJ could retain consumer goodwill in a trademark for legal services, the licensing scheme employed by CJ fails to comply with the statutory requirements set forth in 15 U.S.C.A. § 1055 requiring the licensor to control the nature and quality of the goods and services offered by each licensee. CJ has neither the ability nor the right to inspect, supervise, or otherwise control the quality and nature of the legal services offered under the GET A LAWYER GET IT DONE marks by the third party licensees. In fact, these third party law firms are prohibited by ethical rules from allowing CJ to control the quality and nature of the legal services they provide. CJ's inability to control the quality and nature of the legal services offered by each licensee is fatal to

its purported trademark rights. CJ's trademark rights, if any, have been abandoned due to naked licensing.

   ii)   Kevin White and Whitehardt, Inc.

Kevin White and Whitehardt, Inc. (Whitehardt) would reiterate that the McKernan Law Firm (MLF) is the owner of the federally registered service mark GET GORDON! GET IT DONE!® (U.S. Trademark Reg. No. 3,826,209). This mark is sufficiently dissimilar to any referenced trademark asserted by CJ. CJ, as an advertising agency, does not have valid trademark rights or other intellectual property rights for legal services under any federal or state law. CJ cannot develop goodwill in a trademark for legal services and cannot control the nature and quality of the goods and services offered by any attorney.

Whitehardt would add further that the simple use of the word "Get" does not warrant trademark infringement. Clearly, CJ also believes this simple use of the word "Get" is insufficient to mislead, create a likelihood of confusion, or constitute infringement. Otherwise, CJ would not have undertaken to obtain the seven (7) above-referenced trademarks (U.S. Trademark Reg. Nos. 3,285,044; 3,688,122; 3,377,085; 3,649,548; 3,285,041; 3,285,045; and 3,511,912 covering twelve (12) variations ("GET A LAWYER GET IT DONE", "GET CARTER!", "GET BERG!", "GET THE POWER", "GET THE JMB GUARANTEE", "GET SERIOUS", "GET SERIOUS, GET LUNDY", "GET MCDIVITT", "GET REAL", "GET REAL, GET NORRIS", "GET SERIOUS, GET STEWART", and "GET THE Z ADVANTAGE") unless CJ already realized that one "Get" in a trademark does not have enough similarity with another "Get" to be protected under one copyright. With each new application for

a trademark involving "Get", CJ repeatedly demonstrated that one "Get" trademark had no infringement upon and, in fact nothing to do with, another trademark using "Get".

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before September 24, 2010.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before June 10, 2011. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before March 4, 2011.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before July 8, 2011. The defendant shall identify and disclose all expert witnesses and reports on or before August 5, 2011.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before September 9, 2011.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before ~~February~~ June 15, 2011.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before October 14, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 4 days.

It is so **ORDERED.**

ALETA A. TRAUGER
U.S. District Judge